# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Citadel Watford City Disposal Partners, L.P., et al.,[1] | : | Case No. 15-11323 (KJC) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 17-50024 (KJC) |
| | : | |
| Citadel Energy Partners, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 17-50650 (KJC) |
| | : | |
| Jonathon P. Reuben, C.P.A., a California accountancy corporation, | : | |
| | : | |
| Defendant. | : | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

64264449.v5-9/21/18

**MOTION OF GAVIN/SOLMONESE LLC, LIQUIDATION TRUSTEE
FOR THE CITADEL CREDITORS' GRANTOR TRUST, SUCCESSOR TO
CITADEL WATFORD CITY DISPOSAL PARTNERS, L.P., ET AL., FOR ENTRY OF
AN ORDER (I) COMPELLING JONATHON P. REUBEN, C.P.A. TO SERVE
VERIFIED, WRITTEN ANSWERS TO INTERROGATORIES AND WRITTEN
RESPONSES TO REQUESTS FOR PRODUCTION, AND TO PRODUCE
DOCUMENTS, (II) DEEMING REQUESTS FOR ADMISSION ADMITTED, AND (III)
COMPELLING JONATHON P. REUBEN, C.P.A. TO PAY LIQUIDATION TRUSTEE'S
REASONABLE ATTORNEYS' FEES AND COSTS**

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al. (the "Liquidation Trustee"), through its undersigned counsel, files this motion (the "Motion") for entry of an order (the "Order") substantially in the form attached hereto as Exhibit A (I) compelling Jonathon P. Reuben, C.P.A. ("Defendant") to serve (a) verified, written answers without objections to the Liquidation Trustee's First Set of Interrogatories ("Interrogatories"), (b) written responses without objections to Requests for Production of Documents ("Requests for Production"), and (c) to produce documents responsive to the Discovery Requests; (II) deeming the Requests for Admission ("Requests for Admission") admitted (the Interrogatories, Requests for Production, and Requests for Admission are referred to collectively herein as the "Discovery Requests"); and (III) compelling Defendant to pay the Liquidating Trustees reasonable attorneys' fees and costs incurred in connection with this Motion. In support of this Motion, the Liquidation Trustee respectfully states as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. The bases for the relief requested herein are Federal Rules of Civil Procedure (the "Rules") 26, 33, 34, and 36, made applicable to the above-captioned adversary proceedings by Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7026, 7033, 7034, and 7036.

**FACTS**

4. On June 19, 2015, debtors Citadel Watford Disposal Partners, L.P., Citadel Energy Services, LLC, Pembroke Fields, LLC and Citadel Energy SWD Holdings, LLC (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned Chapter 11 Cases.

5. On December 16, 2016, the Debtors filed their Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Plan"). [Case No. 15-11323 (KJC), D.I. 473]. The Plan contemplated the creation of a Liquidation Trust that would hold and administer the Liquidation Trust Assets. [Id., D.I. 473-1, Art. IX.].

6. On January 13, 2017, Debtors filed a Notice of Filing of Plan Supplement (the "Plan Supplement"), to which was attached the Liquidation Trust Agreement (the "Agreement"). Id. at D.I. 484. The Agreement creates the Citadel Creditors' Grantor Trust (the "Trust") and provides for the appointment of Gavin/Solmonese LLC as Liquidation Trustee, which will administer the Trust and its assets including, but not limited to, all causes of action. Id. The Plan Supplement also provided that, if the Plan was confirmed, the documents contained in the Plan Supplement, including the Agreement, would be approved by the Court pursuant to the Confirmation Order.

7. On February 6, 2017, the Debtors' Official Committee of Unsecured Creditors (the "Committee") commenced an adversary proceeding by filing a complaint [Adv. Pro. No. 17-50024, D.I. 1] asserting causes of action against the Defendant, among others.

3

8. By Order dated February 23, 2017, the Court confirmed the Plan (the "Confirmation Order"). See Case No. 15-11323 (KJC), D.I. 517.

9. On March 9, 2017, the Plan became effective (the "Effective Date"). Id. at D.I. 527.

10. On June 19, 2017, the Liquidation Trustee commenced an adversary proceeding by filing a complaint (the "Complaint") against Defendant seeking to avoid and recover certain fraudulent transfers. [Adv. Pro. No. 17-50650 (KJC), D.I. 1].

11. On November 6, 2017, the Liquidation Trustee filed an amended complaint (the "Amended Complaint"). [Adv. Pro. No. 17-50024, D.I. 121].

12. On November 15, 2017, Defendant filed its answer. [Adv. Pro. No. 17-50650, D.I. 9].

13. On November 20, 2017, Defendant filed its answer and crossclaims to the Amended Complaint. [Adv. Pro. No. 17-50024, D.I. 138].

14. After settlement negotiations between the Liquidation Trustee and Defendant stalled, the Liquidation Trustee served the Discovery Requests on Defendant on June 14, 2018. See Exhibit B. See also Adv. Pro. No. 17-50024, D.I. 197; Adv. Pro. No. 17-50650, D.I. 19.

15. Defendant's responses were due on or before July 14, 2018. However, Defendant did not respond.

16. On July 20, 2018, counsel for the Liquidation Trustee emailed Defendant's counsel requesting responses to the Discovery Requests. See Exhibit C.

17. Defendant's counsel did not respond to the July 20, 2018 email. Counsel for the Liquidation Trustee contacted Defendant's counsel again on July 23, 2018 requesting a response to the July 20, 2018 email. Id.

18. On July 24, 2018, counsel for the Defendant responded to the July 20, 2018 email.

4

He informed he was swamped with another case and, as a result, had not had time to review the requests with his client. Id. Defendant's counsel requested an additional thirty (30) days to respond to the requests. Id.

19. The Liquidation Trustee agreed to Defendant's counsel's request. Id. Defendant's responses to the Discovery Requests were due on August 23, 2018. Id.

20. Defendant did not serve counsel for the Liquidation Trustee with its responses to the Discovery Requests on August 23, 2018 and did not contact counsel for the Liquidation Trustee to request additional time to serve its responses to the Discovery Requests.

21. On August 27, 2018, counsel for the Liquidation Trustee emailed counsel for Defendant and requested the Defendant's responses to the Discovery Requests. Id. Counsel for the Defendant did not respond to the August 27, 2018 email.

22. On September 3, 2018, counsel for the Liquidation Trustee wrote to counsel for Defendant and requested a response to the August 27, 2018 email by close of business September 4, 2018. Id. Counsel for the Defendant did not respond to the September 3, 2018 email.

**ARGUMENT**

23. Rules 33 and 34 require that each interrogatory and response for production be answered in writing. Rule 33(b)(3) (interrogatories must be answered separately and fully in writing under oath); Rule 34(b)(2) (requests for production must be responded to in writing). When answers to interrogatories and responses to requests for production are not received, Rule 37 provides a vehicle through which a party may petition the Court to compel answers and responses. Rule 37(a)(3)(B)(iii)-(iv).

24. Defendant has not responded to the Discovery Requests, even though the Liquidation Trustee granted the Defendant additional time to respond after the Defendant already

5

had defaulted on its obligation to respond to the Discovery Requests. This failure to respond appears to be either deliberate or the product of a disregard for the Defendant's discovery obligations because the Defendant already once defaulted on its discovery obligations. Then, when the Liquidation Trustee granted the Defendant a renewed opportunity to respond, Defendant again did not respond. In addition, after missing the August 23, 2018 deadline to respond to the Discovery Requests, Defendant did not respond to Liquidation Trustee's August 27, 2018 request that Defendant respond to the Discovery Requests and did not respond to the September 3, 2018 email. These failures to respond to the Discovery Requests – or even timely to seek extensions of time to respond – are persistent, and suggest that Defendant's indifference to its discovery obligations is deliberate.

25.     Likewise, Defendant has failed to respond to the Requests for Admission. By operation of Rule 36, the Requests for Admission are admitted. Any other result would run afoul of that Rule. Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(a)(3). See also Miller v. Westfield Steel, Inc. (In re Elrod Holdings Corp.), 426 B.R. 106, 113 (Bankr. D. Del. 2010) (deeming matters admitted where defendant failed to respond to requests for admission). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Rule 36(b). Accordingly, the Liquidation Trustee requests that this Court order that the Requests for Admission are admitted.

26.     Finally, cause exists to award to the Liquidation Trustee its reasonable fees and expenses incurred in connection with this Motion. If a motion to compel is granted or if the requested discovery is received after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion or the party

6

or attorney advising such conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees" unless circumstances not applicable here warrant otherwise.  Rule 37(a)(5)(A).  See also Rule 37(d)(3); SWIMC, Inc. v. Hy-Tech Thermal Solutions, LLC, 2009 WL 1795177, at *4 (D. Del. June 24, 2009) (granting motion to compel and holding defendant liable for reasonable fees and costs when defendant did not, among other things, demonstrate its failure was substantially justified or that the award of fees and costs was unjust); National Fire & Marine Ins. Co. v. Robin James Const., Inc., 478 F.Supp.2d 660, 663 (D. Del. 2007) (fees and costs award appropriate when defendant failed to participate in discovery and offered no justification for the failure or provided any other explanation that would make such an award unjust); In re Waikiki Hobron Assoc., 1 B.R. 668, 671-673 (Bankr. D. Hawaii 1979) (awarding costs to movant where parties failed to answer interrogatories and otherwise engage in discovery).

27.     Based on Defendant's failure to engage in the discovery process and its violation of the Rules, the Liquidation Trustee respectfully requests that the Court enter the proposed Order substantially in the form attached hereto as Exhibit A.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order (i) compelling Defendants to serve verified, written answers without objections to the Interrogatories and written responses without objections to the Requests for Production, and to produce documents responsive to the Requests for Production, within seven (7) days after entry of the Court's Order; (ii) deeming the Requests for Admissions admitted; (iii) compelling Defendant to pay the Liquidating Trustees reasonable attorneys' fees and costs incurred in connection with this Motion; and (iv) ordering any other further relief that the Court deems just and proper.

Dated: September 21, 2018     **FOX ROTHSCHILD LLP**

/s/ Johnna M. Darby
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
919 N. Market Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 654-7444
E-mail: thoran@foxrothschild.com
E-mail: jdarby@foxrothschild.com

*Counsel to Gavin/Solmonese LLC, Liquidation Trustee*