# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Citadel Watford City Disposal Partners, L.P., et al.,[1] | : Case No. 15-11323 (KJC) |
| | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | : |
| | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Adv. Pro. No. 17-50024 (KJC) |
| Citadel Energy Partners, LLC, et al., | : |
| | : |
| Defendant. | : |
| | : |

**NOTICE OF SERVICE**

Please take notice that I, Johnna M. Darby, hereby certify that on June 14, 2018,

a true and correct copy of the First Set of Interrogatories, Requests for Production of

Documents, and Requests for Admission of Gavin/Solmonese LLC, Liquidation

Trustee, Directed to Defendant Jonathon P. Reuben, C.P.A. was served by hand upon

the following:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

John A. Elzufon, Esquire
Peter C. McGivney, Esquire
Elzufon Austin Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630


Dated:  June 14, 2018                              **FOX ROTHSCHILD LLP**

                                                   /s/ Johnna M. Darby
                                                   _____
                                                   Thomas M. Horan (DE Bar No. 4641)
                                                   Johnna M. Darby (DE Bar No. 5153)
                                                   Citizens Bank Center
                                                   919 N. Market Street, Suite 300
                                                   Wilmington, Delaware 19801
                                                   Tel.: (302) 442-7627
                                                   Fax.: (302) 656-8920
                                                   E-mail:  thoran@foxrothschild.com
                                                   E-mail:  jdarby@foxrothschild.com

                                                   -and-

                                                   Allen J. Guon
                                                   Allison Hudson
                                                   321 N. Clark Street, Suite 800
                                                   Chicago, Illinois 60654
                                                   Telephone: (312) 541-0151
                                                   E-mail:  aguon@foxrothschild.com
                                                   E-mail:  ahudson@foxrothschild.com

                                                   *Counsel to Gavin/Solmonese LLC,*
                                                   *Liquidation Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P.,  et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC) |
| Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al.,<br><br>Plaintiff,<br><br>v.<br><br>Citadel Energy Partners, LLC, et al.,<br><br>Defendants. | Adv. Pro. No. 17-50024 (KJC) |

**FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION**
**OF DOCUMENTS, AND REQUESTS FOR ADMISSION OF**
**GAVIN/SOLMONESE LLC, LIQUIDATION TRUSTEE,**
**DIRECTED TO DEFENDANT JONATHON P. REUBEN, C.P.A.**

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al. (the "Liquidation Trustee"), by and through its undersigned counsel, hereby requests that defendant Jonathon P. Reuben, C.P.A. (the "Defendant") serve answers under oath to the following interrogatories (the "Interrogatories"), serve written responses and produce documents in accordance with the following requests for production of documents (the "Requests for

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520).  The mailing address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

Production"), and serve written responses to the following requests for admission (the "Requests for Admission") (together, with the Interrogatories and Requests for Production, the "Discovery Requests") in writing, within thirty (30) days after the date of service of the Discovery Requests, pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, made applicable to the above-referenced adversary proceeding (the "Adversary Proceeding") pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036, Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7026-1, 7026-2 and 7026-3, and in accordance with the definitions and instructions set forth below.

## INSTRUCTIONS

1.        These instructions and definitions should be construed to require answers and responses to the Discovery Requests based upon the knowledge of, and information available to, Defendant, as well as Defendant's agents (as that term is defined here), representatives, and attorneys. If the information furnished in response to a Discovery Request is not based on the knowledge of, and information available to, Defendant, as well as Defendant's agents (as that term is defined here), representatives and attorneys, identify each Person for whom the information is a matter of personal knowledge.  If any inquiry is susceptible to a construction that calls for the production of privileged material, or for material claimed to be protected under any applicable privilege, that material need not be provided at this time but a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5), made applicable by Federal Rule of Bankruptcy Procedure 7026, is required.

2.        The Discovery Requests are continuing in character so as to require that

supplemental answers and/or additional documents be served or produced seasonably if Defendant discovers further or different information with respect to any Discovery Request to which answers or responses had been previously served or in response to which documents had been previously produced.

3.      No part of a Discovery Request should be left unanswered merely because an objection is interposed to another part of the Discovery Request.  If a partial or incomplete answer is provided, Defendant shall state that the answer is partial or incomplete.

4.      In accordance with Federal Rule of Civil Procedure 26(b)(5), made applicable by Federal Rule of Bankruptcy Procedure 7026, where a claim of privilege is asserted in objecting to any Discovery Request or part thereof, and information is not provided on the basis of such assertion:

        a.      In asserting the privilege, Defendant shall, in an objection to the Discovery Request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

        b.      The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure or the allegedly privileged information:

                (i)      For oral communications:

                        (1)      the identity of the person making the communication and the names of persons present when the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

                        (2)      the date and place of the communication; and

                        (3)      the general subject of the communication.

                (ii)      For documents:

      (1)     the type of document;

      (2)     the general subject matter of the document;

      (3)     the date of the document; and

      (4)     such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.     If, in answering these Discovery Requests, You encounter any question, instruction, or definition that You believe is vague, ambiguous, or susceptible to multiple interpretations, You shall provide answers, and shall produce documents, that are fully responsive to all constructions of such question, instruction, or definition and shall set forth the specific matter deemed ambiguous and the construction used in answering.

6.     All words contained in the Discovery Requests shall have their normal contextual meaning, unless otherwise defined.

7.     If any document requested in the Discovery Requests has been lost, discarded, or destroyed:

      (i)     identify such document as completely and accurately as possible, including the following information:

         a.     the type of document;
         b.     the date of the document;
         c.     the date or approximate date the document was lost, discarded or destroyed;
         d.     the circumstances or manner in which it was lost, discarded or destroyed;
         e.     the reason or reasons for disposing of the document (if the document was discarded or destroyed);
         f.     the identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document;
         g.     the identity of the person(s) who lost, discarded or destroyed the document; and

        h.     the identity of all persons having knowledge of the contents of the document; and

  (ii)    produce a copy(ies) of such document.

8.    In accordance with Federal Rule of Civil Procedure 33(b)(4), made applicable by Federal Rule of Bankruptcy Procedure 7033, Defendant must state its objections to any Interrogatory with specificity, and any ground for objection to any of the Interrogatories not stated in a timely response to these Discovery Requests is waived. The Liquidation Trustee's consent to an extension of the deadline to serve answers and responses to the Discovery Requests does not constitute consent to an extension of the deadline to interpose objections to the Interrogatories unless otherwise expressly agreed in writing.

9.    In accordance with Federal Rule of Civil Procedure 34(b)(2), made applicable by Federal Rule of Bankruptcy Procedure 7034, Defendant must state its objections to any Request for Production with specificity, including the reasons. The Liquidation Trustee's consent to an extension of the deadline to serve answers and responses to the Discovery Requests does not constitute an extension of the deadline to interpose objections to the Requests for Production unless otherwise expressly agreed in writing.

10.    Except as otherwise expressly stated, the rules of construction applicable under 11 U.S.C. § 102 shall apply to the Discovery Requests, including but not limited to all instructions and definitions.

## DEFINITIONS

In addition to terms otherwise defined herein, the following terms shall have the

meanings ascribed:

1.      The "Adversary Proceeding" means Adversary Proceeding No. 17-50024 (KJC) pending in the United States Bankruptcy Court for the District of Delaware.

2.      An "agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

3.      "Answer" means the "Answer and Affirmative Defenses of Jonathon P. Reuben, C.P.A." filed in the Adversary Proceeding.

4.      "By" means "by, on account of, or on behalf of" in the context of a transfer.

5.      A "communication" or "communications" means any transmittal of information by any means, including, without limitation, any oral, written or electronically recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, any correspondence, electronic mail, conversations, telephone calls, dialogues, discussions, interviews, consultations, agreements, or any other understandings between or among two or more persons or any document that recorded or reflected any such communication.

6.      The "Amended Complaint" means the Amended Complaint filed at Docket No. 121 in the Adversary Proceeding.

7.      "Concerning" means either directly or indirectly, referring to, relating to, pertaining to, constituting, evidencing, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing, or evaluating.

8.      "Debtor" or the "Debtors" means Citadel Energy Services, LLC, Pembroke Fields, LLC, Citadel Energy SWD Holdings, LLC, and Citadel Watford City Disposal Partners, LP, or any one of them, including their attorneys, agents, successors, and assigns.

9.      "Defendant" means Jonathon P. Reuben, C.P.A.

10.     "Describe" when used with respect to an event, occurrence, action, or communication, means describe but includes, at a minimum and without limitation, the following:

      (a)      to state the time, date and place of the occurrence;

      (b)      to identify any and all documents and communications in any way concerning, relating or referring thereto;

      (c)      to identify any and all persons present or having knowledge thereof and state the subject matter of their knowledge and manner in which such knowledge was acquired (i.e., "John Doe" knows the terms of the contract; executed the contract on behalf of 'Doe Co.'"); and

      (d)      to state what acts were done by each identified person.

11.     The "Discovery Requests" has the meaning set forth above and also includes, without limitation, any prior or subsequent discovery requests propounded by the Liquidation Trustee upon any person or party in this Adversary Proceeding.

12.     "Document(s)" or "document(s)" means and includes all "documents and tangible things" to the very broadest extent included within the scope of Federal Rule of Civil Procedure 34, made applicable herein by Federal Rule of Bankruptcy Procedure 7034, including but not limited to the originals and all drafts and copies, together with any annotations or highlighted copies containing all or part of the information requested, in the possession, custody or control of You, Your attorneys, representatives, employees,

agents or any other natural person or business or legal entity acting or purporting to act for or on Your behalf, or their respective representatives or agents, as the case may be. Also, the term "document" or "writing" means and includes any medium whatsoever, including all electronic, recorded, and digital media of any kind, upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written material, correspondence, electronic mail, note, file, book, pamphlet, printout, chart, record, report, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, draft, working paper, chart, paper, print, drawing, sketch, graph, index, list, and any written, recorded, transcribed, punched, taped, filmed, or graphic matter whatsoever, however produced or reproduced, which is in Your possession, custody, or control or which was, but is no longer, in Your possession, custody, or control. The term "document" or "writing" shall also mean and include all copies or drafts of documents by whatever means made, including specifically but not exclusively, those copies bearing commentary or notations not appearing on the original.

13.    "From" means "from or on behalf of" in the context of a transfer.

14.    "Identify" means:

a.    When used in reference to a natural person, to state (i) his or her full name, (ii) present or last known home and business addresses, (iii) present or last known home and business telephone numbers, and (iv) present or last known employer and job title.

b.    When used in reference to a business concern, to state (i) the full name of the business, (ii) its last known address and main telephone number, (iii) the nature of such business concern, and (iv) the name of its chief executive officer.

      c.      When used in reference to a document, to state (i) the name or title of the document, (ii) its date, (iii) its author(s), (iv) its recipient(s) or the person(s) for whom it was prepared, (v) the type of document (e.g., letter, memorandum, chart, email, etc.), (vi) its present location or custodian, (vii) a summary of its contents, including the specific provisions of such document that You relied on for any of Your objections and contentions, and (viii) any other information necessary to render the document distinguishable from all others and subject to ready location.  In lieu of identifying a document, a copy of the document may be supplied.

      d.      When used in reference to a communication or action, to state (i) the persons present when the communication or act occurred, (ii) the date and location of such communication or act, (iii) the substance of such communication or act, and (iv) all documents that record, refer to or otherwise concern such communication or act.

15.     "Person" means any individual, corporation, proprietorship, partnership, trust, association, or other entity.

16.     "Pertain to" or "pertaining to" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, comprises, comprising, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

17.     The "Petition Date" means June 19, 2015.

18.     "Relates to," "related to," related thereto," or "relating to" means pertains to, refers to, connected to, associated with, contains, concerns, describes, embodies, mentions, constitutes, constituting, comprises, comprising, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

19.     "To" means "to, for the benefit of, or on account of" in the context of a transfer.

20.     "You" or "Your" means Defendant and the person executing any answers,

responses, or objections to the Discovery Requests on behalf of the Defendant.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all witnesses, including expert witnesses, that Defendant intends to call at trial in

the Adversary Proceeding and for each such witness, provide and identify (i) a summary

of the testimony each witness is expected to provide; (ii) any report or statement that such

witness prepared; (iii) the facts upon which the testimony of each witness will be based;

(iv) any document(s) each witness authored on the subject matter at issue in this case; (v)

any document(s) each witness received on the matters at issue in this case; (vi) any

document(s) each witness reviewed in preparation for the testimony the witness is

expected to provide; (vii) any document(s) on which each witness will rely as part of the

testimony the witness is expected to provide; (viii) any document(s) reviewed and/or

relied upon by the witness for any report or statement that the witness prepared; and (ix)

the present business or home address, present employer, and telephone number for each

such witness.

**ANSWER**:


**INTERROGATORY NO. 2:**

Identify any individual whom Defendant does not intend to call as a witness who has

knowledge of the facts, claims, and/or any defenses, affirmative or otherwise, asserted by

You in the Adversary Proceeding, and provide the present business or home address,

present employer, and telephone number for each such individual.

**ANSWER:**


**INTERROGATORY NO. 3:**

Identify all persons with knowledge regarding the facts alleged and claims asserted in the Amended Complaint, and/or any defenses, affirmative or otherwise, asserted by Defendant in its Answer, including but not limited to all persons who participated in answering these Discovery Requests, and all persons who were otherwise consulted in the preparation of answers to the Discovery Requests, and provide the present business or home address, present employer, and telephone number for each such person.

**ANSWER**:


**INTERROGATORY NO. 4:**

For each fact alleged in the Amended Complaint that Defendant denied in its Answer, separately identify all facts You contend evidence or support the denial, separately indexed by paragraph number, and identify all documents related thereto.

**ANSWER**:


**INTERROGATORY NO. 5**:

For each and every defense, affirmative or otherwise, asserted by You in Your Answer filed in the Adversary Proceeding, separately identify all facts You contend evidence or support such defense, indexed by defense, and identify all documents related thereto.

**ANSWER**:

**INTERROGATORY NO. 6:**

Describe in detail all services rendered by You to any Debtor from 2012 through and including the present, separately indexed by Debtor, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 7:**

Describe in detail all services rendered by You to any entity related to any Debtor, including but not limited to Citadel H20, LLC, separately indexed by entity, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 8:**

Identify all persons with knowledge regarding all services rendered by You to any Debtor from 2012 through and including the present and, as to each such person, provide (i) a summary of the knowledge possessed; (ii) any report or statement that such person prepared based on their knowledge; (iii) the facts upon which the person's knowledge is based; (iv) any document(s) reviewed and/or relied upon by the person which serve as the basis for that person's knowledge; and (v) the present business or home address, present employer, and telephone number for each such witness provide the present business or home address, present employer, and telephone number for each such person.

      **ANSWER**:

**INTERROGATORY NO. 9:**

Identify all persons with knowledge regarding all services rendered by You to any non-Debtor related to any Debtor from 2012 through and including the present and, as to each such person, provide (i) a summary of the knowledge possessed; (ii) any report or statement that such person prepared based on their knowledge; (iii) the facts upon which the person's knowledge is based; (iv) any document(s) reviewed and/or relied upon by the person which serve as the basis for that person's knowledge; and (v) the present business or home address, present employer, and telephone number for each such witness provide the present business or home address, present employer, and telephone number for each such person.

**ANSWER**:

**INTERROGATORY NO. 10:**

Identify all contracts, agreements, retention letters, and engagement letters, including but not limited to all supplements and amendments, between one or more Debtor and Defendant that were executed in 2012 through and including the present, and identify all documents relating thereto.

**ANSWER**:

**INTERROGATORY NO. 11:**

Identify all contracts, agreements, retention letters, and engagement letters, including but not limited to all supplements and amendments, between one or more entity that is related to any Debtor and Defendant that were executed in 2012 through and including the

present, and all documents relating thereto.

**ANSWER**:

**INTERROGATORY NO. 12**:

Identify all Documents relied upon by You to perform the services You rendered to any Debtor from 2012 through and including the present.

**ANSWER**:

**INTERROGATORY NO. 13**:

Identify all Documents relied upon by You to perform the services You rendered to any non-Debtor that is related to any Debtor from 2012 through and including the present.

**ANSWER**:

**INTERROGATORY NO. 14**:

Identify all persons Defendant has consulted as an expert or potential expert about any aspect of this case, and for each such person, identify the substance of such consultation, all documents provided to such person, all documents produced or transmitted by such person (including but not limited to drafts), and all conclusions reached by (including but not limited to any reports or statements prepared by) such person with respect to the issues upon which the consultation occurred.

**ANSWER**:

**INTERROGATORY NO. 15**:

Describe in detail all services rendered by You to Stanton Dodson, and identify all

documents related thereto.

**ANSWER**:


**INTERROGATORY NO. 16:**

Identify all Documents relied upon by You to perform the services You rendered to

Stanton Dodson.

**ANSWER**:


**INTERROGATORY NO. 17:**

Describe in detail all services rendered by You to any other Defendant in this Adversary

Proceeding from 2012 through and including the present, and identify all documents

related thereto.

**ANSWER**:


**INTERROGATORY 18:**

Identify all Documents relied upon by You to perform the services You rendered to any

other Defendant in this Adversary Proceeding from 2012 through and including the

present.

**ANSWER**:


**INTERROGATORY NO. 19:**

Identify each person with whom Defendant has communicated seeking information that

in any way relates to this Adversary Proceeding, and for each, describe in detail what

information such person provided, when such information was provided, how such information was provided, and all documents relating thereto and, for each such person, provide the present business or home address, present employer, and telephone number.

      **ANSWER**:

**INTERROGATORY NO. 20:**

Describe in detail Your involvement or dealings with the Carlyle Group and/or its affiliates, including but not limited to Your involvement with a potential transaction between any Debtor and the Carlyle Group and/or its affiliates, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 21:**

Describe in detail the role(s) played by co-Defendants as it relates to the allegations and/or claims asserted in the Amended Complaint, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 22**:

Describe in detail any communications by You to the management of any Debtor regarding transfers of Debtors' assets to third parties, including but not limited to Stanton Dodson, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 23**:

Describe in detail all facts in Your possession regarding the following entities, and identify all documents related thereto: Duke Advisors Private Limited; Duke Aviation Engineering Pvt. Ltd.; Duke Corporation Ltd.; Duke Green Tech, LLC; Duke India Real Estate; Duke Equity, LP; Duke Equity Limited Company; Duke Equity Partners; Duke Industries; Family Care Clinic Pvt. Ltd.; Harig Crankshafts Ltd; Lime Chemicals Limited; Prince Avenue Media; Stokota India, Pvt. Ltd.; TacForce International Ltd.; United Interactive Limited; X-Labs Global; Autoline Industries Limited; and US Dataworks Inc.

**ANSWER**:

**INTERROGATORY NO. 24**:

Describe in detail all facts in Your possession regarding any entity (not a Debtor) controlled or managed by Stanton Dodson, or any entity in which Stanton Dodson was involved, and identify all documents related thereto.

**ANSWER**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents (including but not limited to communications evidenced by documents) that the Liquidation Trustee has requested that Defendant identify in any of Defendant's answers to the Interrogatories, separately indexed by interrogatory number.

**RESPONSE**:

2.      All documents (including but not limited to communications evidenced by documents) that Defendant has relied upon for or identified in its answers to the Interrogatories, separately indexed by interrogatory number.

**RESPONSE**:


3.      To the extent that Defendant maintained or maintains a file in connection with one or more of the Debtors, that file and all documents therein as of the date the Amended Complaint was filed.

**RESPONSE**:


4.      A complete copy of each invoice Defendant issued to one or more of the Debtors from 2012 until the date of service of Your responses to these Discovery Requests.

**RESPONSE**:


5.      A complete copy of each invoice Defendant issued to any entity related to one or more of the Debtors from 2012 until the date of service of Your responses to these Discovery Requests.

**RESPONSE**:


6.      Any and all documents that support or relate to each of the invoices that You identified (or should have identified) in response to the foregoing requests, including but not limited to invoices from third-party vendors, or other advances billed to a Debtor.

**RESPONSE**:

7.      All of Defendant's accounting records relating to one or more of the Debtors.

**RESPONSE**:

8.      All documents You intend to introduce at trial in this case, including but not limited to as exhibits, for rebuttal, for illustration purposes, or for any other reason.

**RESPONSE**:

9.      Except as produced in accordance with other requests, all documents Defendant contends support its (i) denial of any fact alleged in the Amended Complaint and/or (ii) defenses asserted by You in Your Answer to the Amended Complaint.

**RESPONSE**:

10.     All communications to which Defendant or its agents was a party, relating to one or more of the Debtors or any of the facts alleged in the Amended Complaint from 2012 through and including the present.

**RESPONSE**:

11.     All documents, including but not limited to the "written report" designated in Federal Rule of Civil Procedure 26(a)(2)(B), made applicable by Federal Rule of Bankruptcy Procedure 7026, evidencing any communications between You and any

expert whose testimony may be used at the trial of this matter or who has been retained or specially employed in preparation for the trial of this matter.

**RESPONSE**:

12.    All documents in Your possession which evidence, relate to, or describe the financial condition, solvency, or ability to timely pay debts, of any Debtor from 2012 to the present.

**RESPONSE**:

13.    To the extent that Defendant contends that the Liquidation Trustee or one or more of the Debtors has admitted, or made any statement against interest (as used in Federal Rules of Evidence 804(b)(3)) in connection with, any issue of fact in this case, all documents evidencing or relating to such admission or statement.

**RESPONSE**:

14.    An updated resume of any expert that Defendant has consulted (whether or not Defendant has chosen to hire such expert), intend to consult, and/or intend to produce to testify at any hearing in this Adversary Proceeding.

**RESPONSE**:

15.    Any report(s) prepared by, and notes made by, any expert that Defendant has consulted (whether or not Defendant has chosen to hire such expert), intend to consult, and/or intend to produce to testify at any hearing in this Adversary Proceeding.

**RESPONSE**:

16.    All documents in Your possession regarding the Carlyle Group and/or its affiliates.

**RESPONSE:**

17.    All documents regarding Your preparation of the Stanton Dodson's tax returns for 2011, 2012, and 2013.

**RESPONSE:**

18.    All documents relied upon by You to prepare Stanton Dodson's tax returns for 2011, 2012, and 2013.

**RESPONSE**:

19.    All documents in Your possession as described in Your initial disclosures served on or about March 5, 2018.

**RESPONSE**:

20.    All communications to which Defendant or its agents was a party, relating to the Carlyle Group and/or its affiliates, from 2012 through and including the present.

**RESPONSE**:

21.    All documents produced by You to the Securities and Exchange

Commission regarding <u>In re the Matter of Citadel Energy Services, LLC</u>, File No. D-03533-A.

**RESPONSE**:




### REQUESTS FOR ADMISSIONS

1.    Admit that You prepared the 2013 tax return for Citadel Watford City Disposal Partners, L.P.

**RESPONSE**:


2.    Admit that You prepared trial balance and supporting working papers for Citadel Watford City Disposal Partners, L.P.

**RESPONSE**:


3.    Admit that You invoiced Citadel Watford City Disposal Partners, L.P. for work performed by You for R.L. Environmental, Inc.

**RESPONSE**:


4.    Admit that You prepared discounted cash flow models for Citadel Watford City Disposal Partners, L.P.

**RESPONSE**:


5.    Admit that You prepared discounted cash flow models for Citadel private

equity acquisitions and invoiced Citadel Watford City Disposal Partners, L.P. for that preparation.

**RESPONSE**:

6.    Admit that the preparation of discounted cash flow models for Citadel private equity acquisitions was not prepared for Citadel Watford City Disposal Partners, L.P. or for any other Debtor.

**RESPONSE**:

7.    Admit that You performed work for Citadel H20, LLC, for which You invoiced Citadel Watford City Disposal Partners, L.P.

**RESPONSE**:

8.    Admit that the work performed by You for Citadel H20, LLC was not performed for Citadel Watford City Disposal Partners, L.P. or for any other Debtor.

**RESPONSE**:

9.    Admit that You possessed information regarding the Debtors' expenses, including but not limited to Bank of America credit card information.

**RESPONSE**:

10.    Admit that You performed accounting work for the Debtors after the Petition Date and invoiced the Debtors for that work after the Petition Date.

**RESPONSE**:


11.    Admit the authenticity of each document produced by You in this

Adversary Proceeding

**RESPONSE**:


Dated:  June 14, 2018                          **SHAW FISHMAN GLANTZ
                                                & TOWBIN LLC**

                                               /s/_____
                                               Thomas M. Horan (DE Bar No. 4641)
                                               Johnna M. Darby (DE Bar No. 5153)
                                               300 Delaware Ave., Suite 1370
                                               Wilmington, DE 19801
                                               Telephone: (302) 480-9412
                                               E-mail: thoran@shawfishman.com
                                               E-mail: jdarby@shawfishman.com

                                               -and-

                                               Allison Hudson
                                               321 N. Clark St., Suite 800
                                               Chicago, IL 60654
                                               Telephone: (312) 980-3836
                                               E-mail: ahudson@shawfishman.com

                                               *Counsel to Gavin/Solmonese LLC,
                                               Liquidation Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| | :    Chapter 11 |
| In re: | : |
| | :    Case No. 15-11323 (KJC) |
| Citadel Watford City Disposal Partners, L.P., | : |
| et al.,[1] | :    (Jointly Administered) |
| Debtors. | : |
| | : |
| | : |
| Gavin/Solmonese LLC, Liquidation Trustee for | : |
| the Citadel Creditors' Grantor Trust, successor | : |
| to Citadel Watford City Disposal Partners, L.P., | : |
| et al., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :    Adv. Pro. No. 17-50650 (KJC) |
| Jonathon P. Reuben, C.P.A., a California | : |
| accountancy corporation,, | : |
| | : |
| Defendant. | : |
| | : |

## NOTICE OF SERVICE

Please take notice that I, Johnna M. Darby, hereby certify that on June 14, 2018,

a true and correct copy of the Gavin/Solmonese LLC, Liquidation Trustee's, First Set of

Interrogatories, Requests for Production of Documents, and Requests for Admission of

Directed to Defendant Jonathon P. Reuben, C.P.A. was served by hand upon the

following:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/ Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

{12058-001 CER A0494420.DOCX}

58280988.v1-6/14/18

John A. Elzufon, Esquire
Peter C. McGivney, Esquire
Elzufon Austin Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630


Dated:  June 14, 2018                                  **FOX ROTHSCHILD LLP**

                                                       /s/ Johnna M. Darby
                                                       Thomas M. Horan (DE Bar No. 4641)
                                                       Johnna M. Darby (DE Bar No. 5153)
                                                       Citizens Bank Center
                                                       919 N. Market Street, Suite 300
                                                       Wilmington, Delaware 19801
                                                       Tel.: (302) 442-7627
                                                       Fax.: (302) 656-8920
                                                       E-mail:  thoran@foxrothschild.com
                                                       E-mail:  jdarby@foxrothschild.com

                                                       -and-

                                                       Allen J. Guon
                                                       Allison Hudson
                                                       321 N. Clark Street, Suite 800
                                                       Chicago, Illinois 60654
                                                       Telephone: (312) 541-0151
                                                       E-mail:  aguon@foxrothschild.com
                                                       E-mail:  ahudson@foxrothschild.com

                                                       *Counsel to Gavin/Solmonese LLC,*
                                                       *Liquidation Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., et al.,[1] | Case No. 15-11323 (KJC) |
| Debtors. | |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 17-50650 (KJC) |
| Jonathon P. Reuben, C.P.A., a California accountancy corporation, | |
| Defendant. | |

### GAVIN/SOLMONESE LLC, LIQUIDATION TRUSTEE'S, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT JONATHON P. REUBEN, C.P.A.

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al. (the "Liquidation Trustee"), by and through its undersigned counsel, hereby requests that defendant Jonathon P. Reuben, C.P.A. (the "Defendant") serve answers under oath to the following interrogatories (the "Interrogatories"), serve written responses and produce documents in accordance with the following requests for production of documents (the "Requests for

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

Production") and serve written responses to the following requests for admission (the "Requests for Admission") (together, with the Interrogatories and Requests for Production, the "Discovery Requests") in writing, within thirty (30) days after the date of service of the Discovery Requests, pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, made applicable to this adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036, Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7026-1, 7026-2 and 7026-3, and in accordance with the definitions and instructions set forth below.

## INSTRUCTIONS

1.      These instructions and definitions should be construed to require answers and responses to the Discovery Requests based upon the knowledge of, and information available to, Defendant, as well as Defendant's agents (as that term is defined here), representatives, and attorneys. If the information furnished in response to a Discovery Request is not based on the knowledge of, and information available to, Defendant, as well as Defendant's agents (as that term is defined here), representatives and attorneys, identify each Person to whom the information is a matter of personal knowledge.  If any inquiry is susceptible to a construction that calls for the production of privileged material, or for material claimed to be protected under any applicable privilege, that material need not be provided at this time but a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5), made applicable by Federal Rule of Bankruptcy Procedure 7026, is required.

2.      The Discovery Requests are continuing in character so as to require that

supplemental answers and/or additional documents be served or produced seasonably if Defendant discovers further or different information with respect to any Discovery Request to which answers or responses had been previously served or in response to which documents had been previously produced.

3.     No part of a Discovery Request should be left unanswered merely because an objection is interposed to another part of the Discovery Request.  If a partial or incomplete answer is provided, Defendant shall state that the answer is partial or incomplete.

4.     In accordance with Federal Rule of Civil Procedure 26(b)(5), made applicable by Federal Rule of Bankruptcy Procedure 7026, where a claim of privilege is asserted in objecting to any Discovery Request or part thereof, and information is not provided on the basis of such assertion:

a.     In asserting the privilege, Defendant shall, in an objection to the Discovery Request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

b.     The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure or the allegedly privileged information:

(i)     For oral communications:

(1)     the identity of the person making the communication and the names of persons present when the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

(2)     the date and place of the communication; and

(3)     the general subject of the communication.

(ii)     For documents:

> (1)    the type of document;
>
> (2)    the general subject matter of the document;
>
> (3)    the date of the document; and
>
> (4)    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.      If, in answering these Discovery Requests, You encounter any question, instruction, or definition that You believe is vague, ambiguous, or susceptible to multiple interpretations, You shall provide answers, and shall produce documents, that are fully responsive to all constructions of such question, instruction, or definition and shall set forth the specific matter deemed ambiguous and the construction used in answering.

6.      All words contained in the Discovery Requests shall have their normal contextual meaning, unless otherwise defined.

7.      If any document requested in the Discovery Requests has been lost, discarded, or destroyed:

> (i)    identify such document as completely and accurately as possible, including the following information:
>
> a.    the type of document;
> b.    the date of the document;
> c.    the date or approximate date the document was lost, discarded or destroyed;
> d.    the circumstances or manner in which it was lost, discarded or destroyed;
> e.    the reason or reasons for disposing of the document (if the document was discarded or destroyed);
> f.    the identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document;
> g.    the identity of the person(s) who lost, discarded or destroyed the document; and

        h.     the identity of all persons having knowledge of the contents of the document; and

    (ii)    produce a copy(ies) of such document.

8.    In accordance with Federal Rule of Civil Procedure 33(b)(4), made applicable by Federal Rule of Bankruptcy Procedure 7033, objections to any Interrogatory must be stated with specificity, and any ground for objection to any of the Interrogatories not stated in a timely response to these Discovery Requests is waived. The Liquidation Trustee's consent to an extension of the deadline to serve answers and responses to the Discovery Requests does not constitute consent to an extension of the deadline to interpose objections to the Interrogatories unless otherwise expressly agreed in writing.

9.    In accordance with Federal Rule of Civil Procedure 34(b)(2), made applicable by Federal Rule of Bankruptcy Procedure 7034, objections to any Request for Production must be stated with specificity.  The Liquidation Trustee's consent to an extension of the deadline to serve answers and responses to the Discovery Requests does not constitute an extension of the deadline to interpose objections to the Requests for Production unless otherwise expressly agreed in writing.

10.    Except as otherwise expressly stated, the rules of construction applicable under 11 U.S.C. § 102 shall apply to the Discovery Requests, including but not limited to all instructions and definitions.

## DEFINITIONS

In addition to terms otherwise defined herein, the following terms shall have the meanings ascribed:

1.      The "Adversary Proceeding" means Adversary Proceeding No. 17-50650 (KJC) pending in the United States Bankruptcy Court for the District of Delaware.

2.      An "agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

3.      "Answer" means "Defendant Jonathon P. Reuben, C.P.A's Answer and Affirmative Defenses to the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § (sic) 548 and 550."

4.      "By" means "by, on account of, or on behalf of" in the context of a Transfer.

5.      A "communication" or "communications" means any transmittal of information by any means, including, without limitation, any oral, written or electronically recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, any correspondence, electronic mail, conversations, telephone calls, dialogues, discussions, interviews, consultations, agreements, or any other understandings between or among two or more persons or any document that recorded or reflected any such communication.

6.      The "Complaint" means the Complaint filed at Docket No. 1 in the Adversary Proceeding and also includes any amended complaint that may be filed.

7.      "Concerning" means either directly or indirectly, referring to, relating to, pertaining to, constituting, evidencing, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing, or evaluating.

8.    The "Debtors" means Citadel Energy Services, LLC, Pembroke Fields, LLC, Citadel Energy SWD Holdings, LLC, and Citadel Watford City Disposal Partners, L.P., or any one of them, including their attorneys, agents, successors, and assigns.

9.    "Defendant" means Jonathon P. Reuben, C.P.A.

10.    "Describe" when used with respect to an event, occurrence, action, or communication, means describe but includes, at a minimum and without limitation, the following:

    (a)    to state the time, date and place of the occurrence;

    (b)    to identify any and all documents and communications in any way concerning, relating or referring thereto;

    (c)    to identify any and all persons present or having knowledge thereof and state the subject matter of their knowledge and manner in which such knowledge was acquired (i.e., "John Doe" knows the terms of the contract; executed the contract on behalf of 'Doe Co."); and

    (d)    to state what acts were done by each identified person.

11.    The "Discovery Requests" has the meaning set forth above and also includes, without limitation, any prior or subsequent discovery requests propounded by the Liquidation Trustee upon any person or party in this Adversary Proceeding.

12.    "Document(s)" or "document(s)"means and includes all "documents and tangible things" to the very broadest extent included within the scope of Federal Rule of Civil Procedure 34, made applicable herein by Federal Rule of Bankruptcy Procedure 7034, including but not limited to the originals and all drafts and copies, together with any annotations or highlighted copies containing all or part of the information requested, in the possession, custody or control of You, Your attorneys, representatives, employees, agents or any other natural person or business or legal entity acting or purporting to act

for or on Your behalf, or their respective representatives or agents, as the case may be. Also, the term "document" or "writing" means and includes any medium whatsoever, including all electronic, recorded, and digital media of any kind, upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written material, correspondence, electronic mail, note, file, book, pamphlet, printout, chart, record, report, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, draft, working paper, chart, paper, print, drawing, sketch, graph, index, list, and any written, recorded, transcribed, punched, taped, filmed, or graphic matter whatsoever, however produced or reproduced, which is in Your possession, custody, or control or which was, but is no longer, in Your possession, custody, or control.   The term "document" or "writing" shall also mean and include all copies or drafts of documents by whatever means made, including specifically but not exclusively, those copies bearing commentary or notations not appearing on the original.

13.   "From" means "from or on behalf of" in the context of a Transfer.

14.   "Identify" means:

   a.   When used in reference to a natural person, to state (i) his or her full name, (ii) present or last known home and business addresses, (iii) present or last known home and business telephone numbers, and (iv) present or last known employer and job title.

   b.   When used in reference to a business concern, to state (i) the full name of the business, (ii) its last known address and main telephone number, (iii) the nature of such business concern, and (iv) the name of its chief executive officer.

   c.   When used in reference to a document, to state (i) the name or title of the document, (ii) its date, (iii) its author(s), (iv) its recipient(s)

or the person(s) for whom it was prepared, (v) the type of document (e.g., letter, memorandum, chart, email, etc.), (vi) its present location or custodian, (vii) a summary of its contents, including the specific provisions of such document that You relied on for any of Your objections and contentions, and (viii) any other information necessary to render the document distinguishable from all others and subject to ready location. In lieu of identifying a document, a copy of the document may be supplied.

d.    When used in reference to a communication or action, to state (i) the persons present when the communication or act occurred, (ii) the date and location of such communication or act, (iii) the substance of such communication or act, and (iv) all documents that record, refer to or otherwise concern such communication or act.

15.    "Person" means any individual, corporation, proprietorship, partnership, trust, association, or other entity.

16.    "Pertain to" or "pertaining to" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, comprises, comprising, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

17.    The "Petition Date" means June 19, 2015.

18.    "Relates to," related to," "related thereto," or "relating to" means pertains to, refers to, connected to, associated with, contains, concerns, describes, embodies, mentions, constitutes, constituting, comprises, comprising, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

19.    "To" means "to, for the benefit of, or on account of" in the context of a Transfer.

20.    "Transfer" has the meaning set forth in 11 U.S.C. § 101 and means each

Transfer listed on Exhibit A attached to the Complaint, and "Transfers" means the aggregate of each and every Transfer.

21.    "You" or "Your" means Defendant and the person executing any answers, responses, or objections to the Discovery Requests on behalf of the Defendant.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all witnesses, including expert witnesses, that Defendant intends to call at trial in the Adversary Proceeding and for each such witness, provide and identify (i) a summary of the testimony each witness is expected to provide; (ii) any report or statement that such witness prepared; (iii) the facts upon which the testimony of each witness will be based; (iv) any document(s) each witness authored on the subject matter at issue in this case; (v) any document(s) each witness received on the matters at issue in this case; (vi) any document(s) each witness reviewed in preparation for the testimony the witness is expected to provide; (vii) any document(s) on which each witness will rely as part of the testimony the witness is expected to provide; (viii) any document(s) reviewed and/or relied upon by the witness for any report or statement that the witness prepared; and (ix) the present business or home address, present employer, and telephone number for each such witness.

**ANSWER**:


**INTERROGATORY NO. 2:**

Identify all persons with knowledge regarding the facts alleged and claims asserted in the Complaint, and/or any defenses, affirmative or otherwise, asserted by Defendant in its

Answer, including but not limited to all persons who participated in answering these Discovery Requests, and all persons who were otherwise consulted in the preparation of answers to the Discovery Requests, and provide the present business or home address, present employer, and telephone number for each such person.

      **ANSWER**:

**INTERROGATORY NO. 3:**

For each fact alleged in the Complaint that Defendant denied in its Answer, separately identify all facts You contend evidence or support the denial, separately indexed by paragraph number, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 4**:

Identify each and every Transfer made to or for the benefit of Defendant by or on behalf of one or more of the Debtors from 2012 through and including the Petition Date, including but not limited to stating the payor (if not one or more of the Debtors), the payee (if not Defendant), the medium of such payment, any check number or wire confirmation number, the amount, the financial institution on which it was drawn, the financial institution to which it was presented or wired, the date prepared, the date that such Transfer was made by one or more of the Debtors, the date that such Transfer was received by Defendant, and the date of clearing the bank if applicable, and identifying all documents relating thereto. You may, but are not required to, put Your answer to this interrogatory in the form of a table, other than the identification of documents.

      **ANSWER**:

**INTERROGATORY NO. 5:**

For each Transfer identified (or that should have been identified) in Your response to Interrogatory No. 4, identify the debt or obligation for which such Transfer was made (or if none, the reason such payment or Transfer was made), including but not limited to any account name/reference number, any invoice and/or purchase order in connection therewith, the date of issuance of any such invoice and/or purchase order, the date(s) upon which any goods, services, advances, or other consideration was furnished by or on behalf of Defendant to or for the benefit of one or more of the Debtors, the stated value of any such goods, services, advances, or other consideration, and all documents relating thereto.  You may, but are not required to, put Your answer to this interrogatory in the form of a table, other than the identification of documents.

     **ANSWER**:

**INTERROGATORY NO. 6:**

For each Transfer and each debt or obligation identified (or that should have been identified) in Your response to Interrogatory Nos. 4 and 5, respectively, identify each and every communication made in connection therewith, including but not limited to internal communications, communications between one or more of the Debtors and Defendant, communications between one or more of the Debtors and third parties, communications between Defendant and third parties, and communications between third parties.

     **ANSWER**:

**INTERROGATORY NO. 7:**

Identify all contracts and agreements, including but not limited to all supplements and amendments, between one or more of the Debtors and Defendant that were executed at any time in 2012 through and including the Petition Date, and identify all documents relating thereto.

      **ANSWER**:

**INTERROGATORY NO. 8:**

If Defendant contends that one or more of the Debtors were solvent at the time any of the Transfers were made, identify all facts and documents supporting Your contentions.

      **ANSWER**:

**INTERROGATORY NO. 9:**

If You contend one or more of the Debtors received reasonably equivalent value in exchange for the Transfers listed on Exhibit A to the Complaint, identify all facts and documents supporting Your contentions, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 10**:

Identify all post-petition Transfers received by You from one or more of the Debtors and, as to each, identify all facts and documents supporting Your contention that You provided present fair equivalent value.

      **ANSWER**:

**INTERROGATORY NO. 11**:

Identify all persons that Defendant has consulted as an expert or potential expert about any aspect of this case, including but not limited to issues of insolvency, and for each such person, identify the substance of such consultation, all documents provided to such person, all documents produced or transmitted by such person (including but not limited to drafts), and all conclusions reached by (including but not limited to any reports or statements prepared by) such person with respect to the issues upon which the consultation occurred.

      **ANSWER**:

**INTERROGATORY NO. 12:**

For each and every defense, affirmative or otherwise, asserted by You in Your Answer filed in the Adversary Proceeding, separately identify all facts You contend evidence or support such defense, indexed by defense, and identify all documents related thereto.

      **ANSWER**:

**INTERROGATORY NO. 13:**

For each Transfer, identify all documents that evidence or relate to such Transfer.

      **ANSWER**:

**INTERROGATORY NO. 14:**

Identify each and every communication between Defendant and one or more of the Debtors that occurred from 2012 through and including the Petition Date regarding the Transfers and all documents evidencing, constituting, or relating to such communication.

      **ANSWER**:

**INTERROGATORY NO. 15:**

Describe in detail all facts, and identify all documents, reflecting any payment terms governing the relationship and/or business transactions between Defendant and any Debtor that occurred from 2012 through and including the Petition Date.

**ANSWER**:

**INTERROGATORY NO. 16:**

Identify each person with whom Defendant has communicated seeking information that in any way relates to this Adversary Proceeding, and for each, describe in detail what information such person provided, when such information was provided, how such information was provided, identify all documents relating thereto and, for each such person, provide the present business or home address, present employer, and telephone number.

**ANSWER**:

**INTERROGATORY NO. 17**:

Describe in detail all facts regarding each of the Transfers listed on Exhibit A to the Complaint, and identify all documents related thereto.

**ANSWER**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All documents (including but not limited to communications evidenced by documents) that the Liquidation Trustee has requested that Defendant identify in any of

Defendant's answers to the Interrogatories, separately indexed by interrogatory number.

**RESPONSE**:

2.      All documents (including but not limited to communications evidenced by documents) that Defendant has relied upon for or identified in his answers to the Interrogatories, separately indexed by interrogatory number.

**RESPONSE**:

3.      To the extent that Defendant maintained or maintains a file in connection with one or more of the Debtors, that file and all documents therein as of the date the Complaint was filed.

**RESPONSE**:

4.      A complete copy of each invoice Defendant issued to one or more of the Debtors from 2012 until the date of service of Your responses to these Discovery Requests (including but not limited to any amendments).

**RESPONSE**:

5.      Any and all documents that support or relate to each of the invoices that You identified (or should have identified) in response to the foregoing request, including but not limited to invoices from third-party vendors, or other advances billed to a Debtor.

**RESPONSE**:

6.      All of Defendant's accounting records relating to one or more of the

Debtors.

**RESPONSE**:


7.     All documents You intend to introduce at trial in this case, including but not limited to as exhibits for rebuttal, for illustration purposes, or for any other reason.

**RESPONSE**:


8.     Except as produced in accordance with other requests, all documents Defendant contends support its (i) denial of any fact alleged in the Complaint and/or (ii) defenses asserted by You in Your Answer to the Complaint.

**RESPONSE**:


9.     All communications to which Defendant or its agents were a party, relating to one or more of the Debtors, the Complaint, or any of the transactions described in the Complaint from January 1, 2012 through and including the present.

**RESPONSE**:


10.     To the extent that You contend that Defendant provided reasonably equivalent value to one or more of the Debtors in accordance with 11 U.S.C. § 548, all documents relating to such value (to the extent not produced in accordance with other requests herein).

**RESPONSE**:

11.     To the extent that You contend that Defendant provided present fair equivalent value to one or more of the Debtors in accordance with 11 U.S.C. § 549, all documents relating to such value (to the extent not produced in accordance with other requests herein).

**RESPONSE**:

12.     All documents including, but not limited to, checks, wire transfer confirmations, bank statements, any other statements, receipts, ledgers, journal entries, book entries, faxes, emails, correspondence, and memoranda evidencing payments to Defendant by one or more of the Debtors at any time from 2012 through and including the Petition Date.

**RESPONSE**:

13.     All documents, including but not limited to the "written report" designated in Federal Rule of Civil Procedure 26(a)(2)(B), made applicable by Federal Rule of Bankruptcy Procedure 7026, evidencing any communications between You and any expert whose testimony may be used at the trial of this matter or who has been retained or specially employed in preparation for the trial of this matter.

**RESPONSE**:

14.     All documents in Your possession which evidence, relate to, or describe the financial condition, solvency or ability to timely pay debts, of one or more of the Debtors at any time from 2012 through and including the Petition Date.

**RESPONSE**:

15.     All documents and witness statements concerning payments by one or more of the Debtors to Defendant, or any set off performed by Defendant with regard to any obligations it owed to one or more of the Debtors, from 2012 through and including the Petition Date or during the period between the Petition Date and the present time.

**RESPONSE**:

16.     To the extent that Defendant contends that the Liquidation Trustee or one or more of the Debtors has admitted, or made any statement against interest (as used in Federal Rules of Evidence 804(b)(3)) in connection with, any issue of fact in this case, all documents evidencing or relating to such admission or statement.

**RESPONSE**:

17.     An updated resume of any expert that Defendant has consulted (whether or not Defendant has chosen to hire such expert), intend to consult, and/or intend to produce to testify at any hearing in this Adversary Proceeding.

**RESPONSE**:

18.     Any report(s) prepared by, and notes made by, any expert that Defendant has consulted (whether or not Defendant has chosen to hire such expert), intend to consult, and/or intend to produce to testify at any hearing in this Adversary Proceeding.

**RESPONSE**:

19.     All documents produced by You to the Securities and Exchange Commission regarding <u>In re the Matter of Citadel Energy Services, LLC</u>, File No. D-03533-A.

**RESPONSE**:


## REQUESTS FOR ADMISSIONS

1.     For each Transfer, admit that one or more of the Debtors made such Transfer.

**RESPONSE**:


2.     For each Transfer, admit that Defendant received such Transfer.

**RESPONSE**:


3.     For each Transfer, admit that such Transfer was made for Defendant's benefit.

**RESPONSE**:


4.     For each Transfer, admit that such Transfer occurred within the two (2) years before the Petition Date.

**RESPONSE**:


5.     For each Transfer, admit that such Transfer was property of one or more

of the Debtors at the time such Transfer was made.

      **RESPONSE**:


6.      For each Transfer, admit that Defendant was a creditor of one or more of the Debtors at the time such Transfer was made.

      **RESPONSE**:


7.      For each Transfer, admit that one or more of the Debtors did not receive reasonably equivalent value in exchange for such Transfer.

      **RESPONSE**:


8.      For each Transfer, admit that one or more of the Debtors were insolvent at the time such Transfer was made.

      **RESPONSE**:


9.      For each Transfer, admit that one or more of the Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with one or more of the Debtors was an unreasonably small capital.

      **RESPONSE**:


10.      For each Transfer, admit that one or more of the Debtors intended to incur, or believed that one or more of the Debtors would incur, debts that would be beyond one

or more of the Debtors' ability to pay as such debts matured.

**RESPONSE**:


11.    For each Transfer, admit that You did not hold a fully perfected security interest in assets of one or more of the Debtors (other than such Transfer) equal to or exceeding the amount of the Transfer, that secured satisfaction of the obligation or debt on account of which such Transfer was made.

**RESPONSE**:


12.    Admit that Defendant was the initial transferee of each Transfer or the immediate or mediate transferee of such initial transferee or the person whose benefit each Transfer was made.

**RESPONSE**:


13.    For each Transfer, admit that Defendant did not act as a conduit for a third party's receipt of such Transfer.

**RESPONSE**:


14.    For each Transfer, admit that Defendant did not receive such Transfer in trust for a third party.

**RESPONSE**:


15.    Admit that You have not returned the Transfers to one or more of the

Debtors.

      **RESPONSE**:


16.     Admit that the name for Defendant set forth in the caption of the Complaint is Defendant's correct legal name.

      **RESPONSE**:


17.     Admit the authenticity of each document produced by You in discovery in this Adversary Proceeding.

      **RESPONSE**:


18.     Admit that You invoiced one or more of the Debtors for work performed by You for R.L. Environmental, Inc.

      **RESPONSE**:


19.     Admit that the work performed by You for R.L. Environmental, Inc. was not performed for or on behalf of any Debtor.

      **RESPONSE**:


20.     Admit that You invoiced one or more of the Debtors for the preparation of discounted cash flow models for Citadel private equity acquisitions.

      **RESPONSE**:

21.    Admit that the preparation of discounted cash flow models for Citadel private equity acquisitions was not performed for or on behalf of any Debtor.

**RESPONSE**:


22.    Admit that You invoiced one or more of the Debtors for work performed for or on behalf of Citadel H20, LLC.

**RESPONSE**:


23.    Admit that the work performed by You for Citadel H20, LLC was not performed for or on behalf of any Debtor.

**RESPONSE**:


Dated:  June 14, 2018

**FOX ROTHSCHILD LLP**

/s/ Johnna M. Darby
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
Citizens Bank Center
919 N. Market Street, Suite 300
Wilmington, Delaware 19801
Tel.: (302) 442-7627
Fax.: (302) 656-8920
E-mail:  thoran@foxrothschild.com
E-mail:  jdarby@foxrothschild.com

-and-

Allen J. Guon
Allison Hudson
321 N. Clark Street, Suite 800
Chicago, Illinois 60654
Telephone: (312) 541-0151
E-mail:  aguon@foxrothschild.com
E-mail:  ahudson@foxrothschild.com

*Counsel to Gavin/Solmonese LLC,*
*Liquidation Trustee*